UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMONIQUE DEMETRIS FARR,

    Plaintiff,

v.

    Case No. 4:25-CV-10921
    Hon. F. Kay Behm

MICHAEL J. RIORDAN,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is a state inmate confined at the Muskegon Correctional Facility in Muskegon, Michigan. On April 3, 2025, Magistrate Judge David R. Grand signed an order of deficiency. The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three-hundred-and-fifty dollar ($350) filing fee, plus an additional fifty-five dollar ($55) administrative fee. Plaintiff was given thirty days to comply with the order. (ECF No. 3). To date, Plaintiff has neither paid the filing fee nor supplied the requested documentation.

1

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

The Court will dismiss the complaint for want of prosecution, because of Plaintiff's failure to comply with Magistrate Judge Grand's deficiency order by

2

failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See, e.g., Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED.**

Dated: May 15, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge